**DLD-075** NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3873
_____

COREY BRACEY,
Appellant,

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
SUPERINTENDENT HARLOW; DEPUTY HALL; DEPUTY
BRYANT; MAJOR GILLMORE; MAJOR SUTTER;
CAPTAIN WHITE, CAPTAIN FRONZ; CAPTAIN
MORROW; LIEUTENANT CALDWELL; LIEUTENANT
VINCENT; LIEUTENANT DEAL; SERGEANT
WOLFE; CORRECTION OFFICER STAFFORD; MAXINE
OVERTON; DR. ROMAN; MENTAL HEALTH
MANAGEMENT; WILLIAM WOODS; JOE BROWNLEE;
E. BROWNLEE, GR-9693; OFFICER HARMON;
LIEUTENANT IRWIN; SERGEANT RUFF
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 11-cv-00004)
District Judge: Sean J. McLaughlin
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 22, 2011

Before: AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed January 4, 2012)
_____

OPINION
_____

PER CURIAM

Appellant Corey Bracey, then an inmate in the Restricted Housing Unit at the

State Correctional Institution at Albion ("SCI-Albion"), filed a civil rights complaint, 42

U.S.C. § 1983, in the United States District Court for the Western District of Pennsylvania against numerous SCI-Albion correctional officers and certain of its health care staff. Bracey alleged violations of his First, Eighth, and Fourteenth Amendment rights in that the correctional officer defendants failed to protect him from a vicious attack by another inmate, and the prison health care defendants denied him proper psychiatric care.

Shortly after filing suit, Bracey filed a motion for a preliminary injunction, Fed. R. Civ. Pro. 65, and brief in support, in which he asserted that he suffers from depression and psychosis, and needed more humane housing conditions and better psychiatric care. Bracey demanded an order transferring him to another correctional facility that would be more therapeutic. The defendants responded that Bracey's motion for injunctive relief was moot because he had recently been transferred to the State Correctional Institution at Smithfield in Huntington, Pennsylvania ("SCI-Smithfield"), and was no longer incarcerated at SCI-Albion. Therefore, there was no way to fashion any meaningful remedy against the individual defendants. Even if the motion was not moot, it was frivolous because his prison medical records established that Bracey received regular psychiatric care and medications. Defendant Dr. Roman, a psychiatrist, saw Bracey on numerous occasions, and SCI-Albion psychological or psychiatric staff treated Bracey 31 times from August 4, 2010 through May 13, 2011, prior to his transfer to SCI-Smithfield. The only time that Bracey did not receive his medications was when he was uncooperative with staff.

Thereafter, the Magistrate Judge filed a Report and Recommendation, recommending that Bracey's motion for a preliminary injunction be denied as moot, see

2

Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993) (inmate's transfer to another institution moots his claim for declaratory or injunctive relief). Bracey filed Objections, in which he argued that his transfer did not moot his demand for proper psychiatric care. In an order entered on September 16, 2011, the District Court denied the motion for injunctive relief, and adopted the Report and Recommendation as the Opinion of the Court. The court agreed that the motion was moot, reasoning that an injunction directing the individual defendants to do, or refrain from doing, something would be meaningless now that Bracey is at SCI-Smithfield. The Department of Corrections itself was shielded from suit by Eleventh Amendment immunity.

Bracey appeals. Our Clerk granted him leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. We have jurisdiction under 28 U.S.C. § 1292(a)(1). Interlocutory orders granting or denying injunctions are appealable where the order relates to the relief ultimately sought by the claimant. Hershey Foods Corp. v. Hershey Creamery Co., 945 F.2d 1272, 1277-78 (3d Cir. 1991). The standard of review over the District Court's mootness determination is plenary. United States v. Gov't of Virgin Islands, 363 F.3d 276, 284 (3d Cir. 2004).

We will dismiss the appeal as frivolous. An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the Court shall dismiss the appeal at any time if the Court determines that it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3

Bracey's Rule 65 motion for injunctive relief is moot for the reasons given by the District Court, and the issue is not arguable.

The federal courts may adjudicate "only actual, ongoing cases or controversies." Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). This "case or controversy" requirement requires that a party have a personal stake in the outcome through all stages, trial and appellate, of the proceedings. See id. The Supreme Court has stated that "a present, live controversy . . . must exist if we are to avoid advisory opinions on abstract propositions of law." Hall v. Beals, 396 U.S. 45, 48, 90 (1969). That personal stake and present, live controversy is now absent from Bracey's case. He asked for an injunction that restrains SCI-Albion officials from violating his civil rights, but he has now been transferred out from under their control. The District Court was unable to fashion any form of meaningful relief against these defendants, and thus the motion for injunctive relief was moot. See Artway v. Att'y Gen. of New Jersey, 81 F.3d 1235, 1246 (3d Cir. 1996). The court also correctly held that Bracey's claim for injunctive relief against the Pennsylvania Department of Corrections is barred by the Eleventh Amendment. See, e.g., Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993); Cory v. White, 457 U.S. 85, 91 (1982).

For the foregoing reasons, we will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)

4